MAGIE v. TOWNSHIP OF UNION, IN THE COUNTY OF UNION.

1. It is not necessary in pleading to state the consideration of a sealed note. Any attempt at such statement is mere surplusage, and not good cause of demurrer.

2. If the act of the commissioners of an incorporated road district, in making sealed notes for improvements, was *ultra vires*, fraudulent, or without consideration, such special defences must be shown, by proof of extrinsic facts; and will not be implied where the notes set out in the declaration are regular in form, and purport to be for value received.

The declaration in an action of debt sets forth, in substance, that " the southeasterly district of the township of Union, in the county of Union, under the seal of said corporation, made, executed and delivered to the plaintiff three several promissory notes in writing, two dated December 8th, 1871, for $3000 and $2500 respectively, and a third dated December 9th, 1871, for $1800, all payable on demand to the order of the plaintiff, at the National State Bank of Elizabeth, New Jersey, with interest from date, for value received." It also recites that by act of the legislature, approved March 29th, 1871, the inhabitants of a certain part of Union township, in the county of Union, therein described, were created a body politic and corporate, by the name aforesaid, for the purpose of laying out, opening and improving streets, roads, highways and public parks within said boundaries, and for exercising the rights, powers and franchises conferred by said act; and were capable of suing and being sued; that it constituted a board of commissioners, who, for the purposes of said act, had the rights, powers, privileges and advantages conferred upon the common council, as to the opening of streets, &c., by an act entitled " An act to revise and amend the charter of the city of Elizabeth," approved March 4th, 1863, and the several supplements thereto. It also avers that the said several promissory notes were given by the said commissioners for money expended in making improvements under said act.

This charter of incorporation was repealed by an act of the legislature, approved April 1st, 1872, saving legal contracts made by the commissioners, or any indebtedness contracted by them, which were transferred to the township committee of the township of Union, who, by their committee,. were to settle the same. The plaintiff further avers, that he demanded payment of the notes at maturity, which was refused. To this declaration a demurrer was filed.

Argued at June Term, 1878, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, SCUDDER and KNAPP.

For the plaintiff, *W. P. Wilson.*

For the defendant, *W. J. Magie.*

The opinion of the court was delivered by

SCUDDER, J.   It is first objected that the averment that the notes were given by the commissioners for money expended in making improvements under the act of incorporation is not intelligible nor specific.   It does not show by whom the money was expended or the improvements made,. or the kind of improvements.   It is claimed that the township of Union is only responsible, under the repealing act of 1872, for debts contracted by the commissioners of the road district, within the purposes and limitations of their charter,. and that the consideration should be distinctly averred in the pleading.   The averment is clearly defective for its uncertainty; but it is not necessary, in pleading, to state the consideration of a sealed note.   Any attempt at such statement is mere surplusage, and therefore not a good ground of demurrer. If this be disregarded, as it should be, the plaintiff's claim stands upon the three sealed notes purporting to be for value received.

The commissioners had the power given by their charter not only to make improvements, but, under section three, from time to time to borrow money to pay for the costs, damages and

expenses of improvements, and to issue bonds of the corporation therefor, and to cause assessments to be made on property for these payments. If the power was given to make improvements and contract debts therefor, then the authority must also be included to give proper vouchers and securities for the payment of such indebtedness. Such is the general rule.

But it is not necessary at this time to construe the special powers given in this charter. These three sealed notes executed under the seal of the corporation make a *prima facie* case for the plaintiff. The legal presumption must be that they were made legitimately. If the act of the commissioners in making them was *ultra vires*, fraudulent or without consideration, such special defences must be shown, they will not be implied, for under the general authority enjoyed by corporations, both private and public, they may be valid, and there will be no presumption against their validity when the due execution is admitted by the demurrer. The objection is not apparent on the face of the declaration, and may only be established by proof of extrinsic facts. That such is the rule applicable to municipal as well as to private corporations will appear by reference to the following authorities, and many others that might be cited: *Lucas* v. *Pitney*, 3 *Dutcher* 221; *Stratton* v. *Allen*, 1 *C. E. Green* 229; *Hackettstown* v. *Swackhamer*, 8 *Vroom* 191; *Green's Brice's Ultra Vires* 121–159 *and notes;* 1 *Dillon's Mun. Corp.*, §§ 415, 426; 1 *Parsons on Notes and Bills* 165 *and notes;* 1 *Daniell's Neg. Inst.*, § 420; 2 *Id.*, § 1527 *and notes.*

The limitation of the authority of municipal officers to issue negotiable securities, payable in future, of such a character as to be unimpeachable in the hands of *bona fide* holders, is fully discussed and defined in *Police Jury* v. *Britton*, 15 *Wall.* 566; *Lynde* v. *The County*, 16 *Wall.* 6; *The Mayor* v. *Ray*, 19 *Wall.* 468.

But it does not appear in this declaration whether the notes sued upon are negotiable in form or non-negotiable, and the action is brought by the payee.

The act of 1872, repealing the charter of 1871, and saving

the legal contracts of the commissioners, or any indebtedness contracted for improvements, having been held by this court to be constitutional, as it affects a creditor of the corporation, in *Rader* v. *Southeasterly Road District of Union*, 7 *Vroom* 273, I think the defendants should make their defences by proofs, and not by demurrer to the declaration.

The demurrer is overruled.